## MATTER OF UNITED INVESTMENT GROUP

In Proceedings to Classify Preference Status of Alien on Basis of
Profession or Occupation

A–20981457

*Decided by Commissioner June 25, 1984*

(1) Neither a sole proprietorship nor a partnership is a legal entity apart from its owner or owners.

(2) For the purpose of a visa petition, the actual partnership which existed when the job offer was made and certified must continue and intend to employ the beneficiary as certified. A separately entered partnership or newly constituted partnership may not be a successor of interest for this purpose.

ON BEHALF OF PETITIONER:   Edward Lopez, Esquire
                          3255 Wilshire Boulevard, #1034
                          Los Angeles, California 90010

The petition was denied by the district director, Los Angeles, California, and is now before the Commissioner on appeal.

The petitioner is a partnership involved in real estate transactions. It seeks to employ the beneficiary in the position of a real estate sales manager and therefore submitted the instant petition seeking that the beneficiary be granted preference status pursuant to section 203(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(6) (1982). The petitioner's job offer was granted certification by the Department of Labor.

The district director denied this petition, finding that the business enterprise ceased to exist subsequent to the granting of labor certification and thus was unable to continue to offer the employment certified.

On appeal the petitioner contests this finding, asserting that the petitioner continues to do business through the auspices of a succession of other business entities, and that the partnership entered into has never ceased.

Title 20, Code of Federal Regulations, section 656.30(c)(2) (1984) states that "[a] labor certification involving a specific job offer is valid only for the particular job opportunity and for the area of in-

tended employment stated on the *Application for Alien Employment Certification form."*

The issue in this proceeding in the context of the labor certification is whether the particular job opportunity remains as certified. If it does not, then the validity of the certification is considered to have expired. To remain as certified, the facts of employment or intended employment must remain as stated and the specific employer-employee relationship stipulated and intended must continue both in present fact and prospectively. A review of this fact centers on the circumstances of the petitioner and on its intent. Analysis of the issue in a certain matter extends beyond the circumstances at the time of filing to those present at the time of adjudication, and in fact, through the mechanisms provided in section 205 of the Act, 8 U.S.C. § 1155 (1982), beyond even that point.

In the matter at bar, counsel in this proceeding argues that the employer-employee relationship cited in the labor certification and petition continues in that the petitioning business enterprise continues to exist and that the partnership behind the enterprise continues to exist notwithstanding the changes of name since Kenneth Kim has been a principal member of the partnership at all times and never intended that the partnership cease.

The record in this matter establishes that the petitioning enterprise registered with the City of Los Angeles for tax purposes in October 1980. On March 11, 1981, it submitted a request for labor certification based on its job offer to the beneficiary of the position of real estate sales manager. That was subsequently granted. According to a 1982 statement by Kenneth Kim, the only one of the partners in this business named in this proceeding, the business closed in July 1981 when he traveled abroad, and the beneficiary's employment was terminated at that time. That same month the city of Los Angeles terminated the business' tax registration due to inactivity. Mr. Kim ostensibly returned to the United States in September 1981. In May 1982 Mr. Kim, acting in the name of the United Investment Group, submitted the instant petition.

In August of 1982 Mr. Kim joined with Jim Gunn and Batuk Viradia to form BJK Enterprises, a partnership, and the partnership registered its intent to do business in Stanton, California, under four separate names, one of those being the name of the entity that submitted this petition, which had ceased doing business in mid-1981. That same month the beneficiary entered into a contract with James Gunn, one of the partners in BJK Enterprises, who, acting on an individual basis, signed the contract to have the beneficiary act as an individual contractor in the capacity of a real estate salesperson, which same contract specifically precluded an

employer-employee relationship. In an August 1983 statement, James Gunn stated that he was no longer a partner in BJK Enterprises, that he owns and operates James Gunn Properties, Vista Realty, and Vista Financial, and that the beneficiary is now employed by him. A separate statement to the County Clerk shows him as the sole registrant of this business. In a March 1984 statement, Kenneth Kim, a partner in the originally mentioned United Investment Group, asserted that James B. Gunn Properties and the United Investments Group had now merged into the American Investment Group.

Each of the entities mentioned above are apparently either sole proprietorships or partnerships. A partnership is "[a] contract of two or more competent persons, to place their money, effects, labor and skill, or some of them, in lawful commerce or business, and to divide the profit and bear the loss, in certain proportions." *See* 68 C.J.S. *Partnership* § 1. The existence of a partnership must be proven, and no presumption exists as to the existence or continuance of a partnership from the use of a trade name. Neither a sole proprietorship nor a partnership is a separate legal entity from its sole owner or members, and where a partner in one partnership enters into a second partnership of the same nature with other persons, his co-partners in the first partnership do not thereby become members of the second partnership. Thus, for the purpose of visa petitions, the actual partnership which existed when the job offer was made and certified must continue, and not a separately entered partnership between other parties and not a newly constituted partnership between some of the parties of the previous partnership, either using the same or a new trade name.

In the matter at bar there is no evidence that the partnership which existed at the time this proceeding commenced, and certification was granted, continues to exist and intends to employ the beneficiary in the stated position. Rather, all evidence points to the fact that a number of successive partnerships have at times used the same trade name. At times, there have been gaps between the very use of this name. At times, the beneficiary has worked for individuals, not for any certain partnership. Thus, it is apparent that the particular job opportunity certified does not continue to exist, in that the partnership that was then the intending employer is neither present nor intending to now offer the stated employment.

In fact, given the contracts that have been submitted, it is not apparent that the present circumstance would qualify the petitioner as the beneficiary's employer as opposed to an independent contractor relationship existing between the parties. Accordingly, the certification is not valid for the employment now proposed. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.